PeaesoN, J.
 

 — There was no written agreement beween the parties, or written instructions to the attorney, who drafted the convey anee by which the alleged mistake can be shown.
 

 Assuming that a Court of Equity has jurisdiction to reform a deed without some written evidence, it will certainly not do so, unless the mistake is admitted by the answer, or is established by clear and convincing proof; especially in cases where the conveyance is required by statute to be in writing.
 

 For, although, under this rule, some few cases of apparent hardship may occur, which the Court cannot relieve, it is bet
 
 *339
 
 ter that it should be so, than produce a general inconvenience and insecurity in the enjoyment of rights, by permitting a deed, under which property has been held for many years, to be upset and the property transferred to'others, upon mere pa-rol testimony, which is not of the character above indicated.
 

 The plaintiffs have failed to establish the two most important allegations of their bill, i. e. that the attorney who drafted the deed was instructed, at the time he was employed, “to write it so as to secure the negro for the separate use of the wife, in such a manner that the husband could not control it, or his creditors reach it for his liabilities, with remainder to the children of the wife.” The proof i.s that the attorney was instructed by the plaintiff, Jones, to draw “ a deed of gift to his daughter and her children.”
 

 The other allegation, which the proof does not establish, is, that Jones had reason to fear that his son-in-law, Gill, “ was in doubtful circumstances and not doing well.” The weight of the evidence leads us to the conclusion, that in 1845, when the deed of gift was executed, Gill was in good credit and doing a prosperous business, and that his circumstances did not become doubtful until some time in the year, 1849.'
 

 The bill must be dismissed with costs as to the defendants, Perkins and Avery.